IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SHARAA SNEAD,<br>    *Plaintiff*,<br><br>v.<br><br>MARYLAND MANAGEMENT COMPANY,<br>    *Defendant*. | Civil Action No.<br>1:25-cv-3321-ABA |

**MEMORANDUM OPINION and ORDER**

    Self-represented Plaintiff Sharaa Snead filed her complaint on October 6, 2025. She has also filed a motion to proceed *in forma pauperis* (ECF No. 2), which will be granted. Because the complaint only raises landlord-tenant claims, this Court will, on its own initiative, dismiss the case for lack of subject matter jurisdiction.

    Because the case is at the pleading stage, the Court will assume the truth of Ms. Snead's allegations. *See Episcopal Church in S.C. v. Church Ins. Co. of Vermont*, 997 F.3d 149, 154 (4th Cir. 2021). In her complaint, Ms. Snead alleges that employees of Defendant Maryland Management Company (the property manager of her residence) knocked on her door and opened it before she had an opportunity to answer. ECF No. 1 at 6. It is unclear from the complaint whether these employees entered Ms. Snead's home or merely opened the door. Ms. Snead's complaint and the attached exhibits indicate that the employees who opened her door were employed by Defendant to do maintenance work in response to service requests, ECF No. 1-1 at 5–7, and were at her apartment in this circumstance to do routine maintenance, ECF No. 1-1 at 12. She asks the Court for assistance in finding another home and for $75,000. ECF No. 1 at 5, 7.

1

Federal courts have limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.* 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, federal courts have original jurisdiction over civil cases, with some exceptions that are not relevant here, in only two instances: (1) under federal question jurisdiction, where the case involves an issue of federal law, *see* 28 U.S.C. § 1331, or (2) under diversity jurisdiction where no defendant may be a citizen of the same state as any plaintiff and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. The Court has "an independent obligation to determine" the existence of subject-matter jurisdiction, *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010), that "may (or, more precisely, must) be raised *sua sponte*." *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Ms. Snead contends that federal question jurisdiction applies in this case. ECF No. 1 at 4. She states that the federal law issue arises from her claim that "maintenance [and/or] management has to give the tenant reasonable notice before entering their home." ECF No. 1 at 4. In other words, Ms. Snead's claims relate to a landlord-tenant dispute. But the relationship between a landlord and tenant is a "particular domain of state law." *Alabama Ass'n of Regulators v. Dep't of Health and Hum. Servs.*, 594 U.S. 758, 764 (2021); *see also Joy v. Daniels*, 479 F.2d 1236, 1243 (4th Cir. 1973) ("Landlord-tenant law is traditionally the province of the states"). "Such claims arise under Maryland law and may not be brought in this Court, based on federal question jurisdiction." *Anpu El v. Walker Mews Apartments*, Case No. 21-cv-1504-ELH, 2021 WL 2936280, at *3 (D. Md. July 13, 2021). Ms. Snead does not refer to or cite any

federal statute or constitutional provision as a basis for jurisdiction. This Court lacks federal question jurisdiction over Ms. Snead's claims.

In her complaint, which was filed on the District of Maryland's standard pro se form, Ms. Snead checked the box for federal question jurisdiction as the basis for jurisdiction, but also filled out information in the section of the form for diversity jurisdiction. ECF No. 1 at 4. To the extent Ms. Snead intended to contend that diversity jurisdiction applies, the Court does not have jurisdiction on that basis either. District courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . between citizens of *different* states." 28 U.S.C. § 1332(a)(1) (emphasis added). The complaint does not allege diversity of citizenship, but instead states that both parties are residents of Maryland. ECF No. 1 at 2, 4. The Court does not have jurisdiction based on diversity of citizenship in this case either.

While the Court is mindful of its obligation to liberally construe the pleadings of self-represented litigants, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), liberal construction does not mean that this Court may ignore a clear failure to allege a basis for federal jurisdiction. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even reading the complaint with deference to Ms. Snead, and accepting all of the allegations in her complaint as true, there is no basis for federal jurisdiction here.

## ORDER

For the reasons stated above, the Court hereby ORDERS as follows:

1. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is GRANTED;
2. Plaintiff's complaint is DISMISSED without prejudice;
3. The Clerk of Court shall mark the case as CLOSED.

Date:  February 5, 2026 			_____/s/_____
					Adam B. Abelson
					United States District Judge